**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **FINDINGS OF FACT, CONCLUSIONS** |
| | ) | **OF LAW, AND ORDER** |
| 10,150 Square Feet of Land in City of | ) | |
| Portal, Burke County, North Dakota; | ) | Case No. 4:06-cv-073 |
| David Gunderson, et al., and Unknown | ) | |
| Owners | ) | |
| | ) | |
| Defendants. | ) | |

_____

Before the Court is the United States' "Motion for Title Hearing or, in the Alternative, Motion for Title Determination" as to what interest Charles W. Clingman, and Kandice E. Clingman, n/k/a Kandice E. Charlton hold in the property described in Schedule "A" and attached to the Declaration of Taking filed in this case.

The United States offered evidence in support of its application for a title determination. No one appeared for or on behalf of the above-named defendants. Based upon the evidence adduced by the plaintiff and upon due consideration of all matters pertaining to the record, the Court makes the following Findings of Fact and Conclusions of Law:

**FINDINGS OF FACT**

1.

On September 18, 2006, the United States of America commenced this action by filing a Declaration of Taking, Notice of Condemnation and a Complaint in Condemnation. On the same

day, it deposited $6,380.00 as just compensation for the taking of the subject property, as described in Schedule "A" attached to the Declaration of Taking.

2.

The Declaration of Taking, Notice of Condemnation and the Complaint named Charles W. Clingman and Kandice E. Clingman as possible claimants to the property.

3.

On January 23, 2007, the United States Marshal served a copy of the Notice of Condemnation and Order for Delivery of Possession on Charles Clingman. The United States mailed a copy of the Notice of Condemnation and Order for Delivery of Possession filed in this case to Kandice Clingman. Kandice Clingman executed a Waiver of Service of Judicial Process on May 17, 2007. Neither Charles Clingman nor Kandice Clingman have appeared in this case or provided notice of an interest in the property.

4.

On August 23, 2007, the United States served Charles Clingman and Kandice Clingman with a copy of the "Motion for Title Hearing or, in the Alternative, Motion for Title Determination" as to what interest the Clingmans hold in the property described in Schedule "A" attached to the Declaration of Taking. The motion was served by mail in accordance with Rule 5 of the Federal Rules of Civil Procedure.

5.

Neither Charles Clingman nor Kandice Clingman have filed a response to the Motion for Title Hearing or, in the Alternative, Motion for Title Determination.

6.

Charles Clingman and Kandice Clingman purchased the property described in Schedule "A" to the Declaration of Taking and Notice of Condemnation through a private sale from the Board of County Commissioners of Burke County, North Dakota.

7.

A County Deed was issued to Charles Clingman and Kandice Clingman by the Burke County Chairman of Board of County Commissioners, and the Burke County Auditor on January 1, 1995, pursuant to N.D. Cent. Code § 57-28-16.

8.

On or about October 2004, Burke County initiated tax foreclosure proceedings against Charles Clingman and Kandice Clingman because they failed to satisfy Burke County's tax lien against the property.

9.

In October 2004, the Burke County Auditor issued a Tax Deed (as required under N. D. Cent. Code § 57-28-09) granting all interest to the property back to Burke County. Charles Clingman and Kandice Clingman did not redeem the property.

10.

In November 2004, Burke County sold the property to David H. Gunderson ("Gunderson"). A County Deed was issued to Gunderson on December 7, 2004.

11.

David H. Gunderson is the last record owner of the property before the Declaration of Taking was filed on September 18, 2006, vesting title to the United States.

**CONCLUSIONS OF LAW**

1.

The Court has jurisdiction of the subject matter of this action and the parties.

2.

The defendants have been duly and regularly served in this action according to law.

3.

The Court possesses the authority to determine what right, title, claim or interest Charles Clingman and Kandice Clingman hold to the property in this case. Tyson v. State of Iowa, 283 F.2d 802 (8th Cir. 1960).

4.

On or about October 2004, Burke County initiated tax foreclosure proceedings against Charles Clingman and Kandice Clingman because they failed to satisfy Burke County's tax lien against the property described in Schedule "A" to the Declaration of Taking and Notice of Condemnation.

5.

According to evidence offered in support of the Motion for Title Determination, the tax foreclosure proceedings were properly initiated and processed. Therefore, the property described in Schedule "A" to the Declaration of Taking and Notice of Condemnation was properly transferred in fee, free from all encumbrances except special assessments, by a tax deed to Burke County in October 2004. See N.D. Cent. Code §§ 57-28-08, 57-28-09 (2005). In other words, new, complete and paramount title to property completely vested in a Berke County in October 2004. All prior titles were extinguished at that time. Pederson v. Fed. Land Bank of St. Paul, 72 N.W. 2d 227, 231

(N.D. 1955); Ulrich v. Amerada Petroleum Corp., 66 N.W.2d 397, 399-400 (N.D. 1954). Accordingly, Charles Clingman's and Kandice Clingman's right, title and interest to the property extinguished in October 2004.

6.

Charles Clingman and Kandice Clingman did not seek to redeem the property, and their right to do so extinguished in December 2004 upon transfer from Burke County to a third-party. N.D. Cent. Code § 57-28-19 (2005).

For the reasons set forth above, the Court **GRANTS** the United States' request for a Title Determination, but **DENIES** the United States' Motion for Title Hearing regarding Charles W. Clingman's and Kandice E. Clingman's (n/k/a Kandice E. Charlton) interest to the property described in Schedule "A" attached to the Declaration of Taking filed in this case because the record clearly establishes that all right, claim, title, and/or interest held by Charles W. Clingman and Kandice E. Clingman (n/k/a Kandice E. Charlton) extinguished in October 2004.

Accordingly, this Court finds that Charles W. Clingman and Kandice E. Clingman (n/k/a Kandice E. Charlton) are deemed forever barred from asserting any right, title, claim and/or interest in and to the just compensation award as to the property described in Schedule "A" attached to the Declaration of Taking filed in this case on September 18, 2006.

**IT IS SO ORDERED.**

Dated this 25th day of September, 2007.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, Chief Judge
United States District Court

5